# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL J. COLLOPY,

      Plaintiff,

v.                                                 Civil No. 00-807 WJ/LFG-ACE

CITY OF HOBBS, a New Mexico
Municipal Corporation, and
TONY KNOTT, in his individual
and official capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER ON
## DEFENDANTS' MOTION TO BIFURCATE

THIS MATTER comes before the Court upon Defendant City of Hobbs and Tony Knott's Motion to Bifurcate, filed December 12, 2002 (**Doc. 77**).[1] This lawsuit arises from Defendant Knott's provision of police records to the district attorney's office, allegedly done in retaliation for statements Plaintiff made during a juvenile proceeding over which Plaintiff presided as the hearing officer.

Under Fed.R.Civ.P. 42(b), the Court has broad discretion in deciding whether to sever issues for trial. <u>Eastridge Development Co. v. Halpert Assoc., Inc.</u>, 853 F.2d 772, 781 (10th Cir. 1988). A district court will look at whether separate trials will further the parties' convenience, avoid delay and prejudice, or be conducive to the expedition of litigation and judicial economy. Bifurcation under Rule 42(b) should not be ordered routinely unless it is clearly necessary.

---

[1] The case is set for trial on June 23, 2003 (Doc. 87).

Marshall v. Overhead Door Co., 131 F.R.D. 94 (E.D. Pa. 1990).

In order to prevail on a claim of municipal liability, a plaintiff must, in addition to showing a constitutional violation, prove that his or her constitutional injury was "inflicted pursuant to government policy or custom." Monell v. New York Dep't of Soc. Serv., 436 U.S. 658, 690 (1978). A municipality may be liable for acts officially sanctioned or ordered by its final policy-making authority. Pembauer v. City of Cincinnati, 475 U.S. 469, 480-81 (1986) (plurality opinion). Defendants have admitted that Knott was the final policymaker. Thus, the issue of municipal liability is contingent on whether Knott's conduct was unconstitutional.

Because the City of Hobbs' liability is dependent on the outcome regarding the legality of Defendant Knott's conduct, I find that bifurcation would be conducive to the expedition of litigation and judicial economy. Accordingly, the Court will allow the jury initially to hear evidence at trial on issues concerning the legality of Defendant Knott's conduct. If the jury finds in favor of Plaintiff and against Defendant Knott, then the trial will immediately reconvene and the same jury will hear evidence on issues pertaining to municipal liability.

**THEREFORE,**

**IT IS ORDERED** that Defendant City of Hobbs and Tony Knott's Motion to Bifurcate (**Doc. 77**) is hereby **GRANTED**.

_____
UNITED STATES DISTRICT JUDGE