# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL J. COLLOPY,

      Plaintiff,

v.                                                         Civil No. 00-807 WJ/LFG-ACE

CITY OF HOBBS, a New Mexico
Municipal Corporation, and
TONY KNOTT, in his individual
and official capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion for Partial Summary Judgment, filed December 12, 2002 **(Doc. 75)**. Defendants filed an earlier summary judgment motion on Plaintiff's First Amendment claim in which they contended that Plaintiff failed to establish a substantive violation and also that they were qualifiedly immune from Plaintiff's claim of First Amendment retaliation. The Court denied the motion. (Doc. 60). The instant motion concerns the nature of the police records furnished by Defendant Tony Knott to the Office of the District Attorney, and certain actions taken by that office to counter a recommendation Plaintiff made at a Children's Court adjudicatory hearing. Having considered all the pleadings, memoranda and other materials submitted by the parties, as well as the applicable law, I find that Defendants' motion is not well-taken and will be denied.

The complaint alleges that Defendants retaliated against Plaintiff Michael J. Collopy for a statement he made while acting as a Children's Court Special Master and in the exercise of his

First Amendment right to speak about possible civil rights violations by the Hobbs police department. Plaintiff claims that Defendant Knott, the Chief of Police for the City of Hobbs, encouraged prosecutors to appeal one of Plaintiff's rulings and that Knott provided them with allegedly misleading police records reflecting unfavorably on Collopy and his children in order to support the appeal and to assist in the prosecutors' defense of themselves during ensuing disciplinary proceedings.  Allegedly intimidated, Collopy resigned his position as special master.

## Background

Plaintiff Collopy is an attorney who served as a part-time special master to the Lea County Children's Court in juvenile cases for 16 years.[1]  In June, 1997, he presided over an evidentiary hearing regarding the merits of delinquency charges filed against Michael Hodge, an African-American teenage juvenile charged with resisting arrest and eluding or obstructing an officer following a violent incident at a high school football game.  Hodge's mother and uncle were known to be outspoken community activists in Hobbs protesting the conduct of the Hobbs Police Department. Controversial police conduct during the incident attracted charges of civil rights violations, including an investigation by the Department of Justice.  Prior to the Children's Court adjudicatory hearing, Michael Hodge filed a tort claims notice alleging civil rights violations.

Collopy recommended dismissal of the charges against Hodge and also commented that Hodge's civil rights may have been violated.  After learning of Collopy's comment, Knott allegedly became concerned, angry and upset, and complained to the Office of the District Attorney ("DA") that the police officers involved in the Hodge case "did not get a fair shake" at the hearing.  Knott urged and instigated the DA's office to find a way to obtain a new hearing or

---

[1] The recitation of facts follows the allegations in the complaint.

other judicial relief that would set aside Collopy's findings in the Hodge case.

The assistant district attorney who prosecuted Hodge's case initially did not intend to appeal Collopy's ruling. After Knott's complaint, however, assistant district attorney William Quickel filed an Exception to the ruling together with "police blotter" records relating to one of Collopy's juvenile children provided to the prosecutors by Knott for use in supporting the Exception. Plaintiff viewed the action as an attack on his impartiality and an attempt to discredit him by misquoting, or taking out of context, his remarks about a possible civil rights violation.

The New Mexico State District Judge who reviewed the Exception filed by Quickel overruled it and affirmed Collopy's decision, then referred the matter to the New Mexico Supreme Court's Disciplinary Board for disciplinary proceedings against individuals in the DA's office for their conduct based on the Exception that had been filed in the Hodge case. Knott then furnished prosecutors with additional police blotter records relating to Collopy and his children after learning that Collopy was going to testify against the prosecutors at a disciplinary proceeding. The Disciplinary Board concluded that the Exception filed at Knott's request had no sound basis in law and was frivolous.  William Quickel, the prosecutor who filed the Exception, and Tom Rutledge, Fifth Judicial District Attorney, were formally reprimanded.

According to the allegations in the complaint, the vast majority of these records identify Collopy and his children as victims or witnesses of crimes.  Nevertheless, Collopy alleges that Knott proceeded as though the information regarding his children was negative in order to support a charge that Collopy was biased against the Hobbs Police Department, and that this bias led to Collopy's decision to acquit Hodge and to Collopy's statement regarding a possible violation of Hodge's civil rights. This instant motion seeks summary judgment on two issues: (1)

3

whether the police records provided by Defendant Knott to William Quickel were public records and (2) whether the Exception filed by William Quickel was filed in compliance with the requirements of the Children's Court rules.

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute over a material fact is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden of showing that no genuine issue of material fact exists is borne by the moving party. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). Under this standard, I must view all reasonable inferences in favor of the Plaintiff as the nonmoving party. Curtis v. Oklahoma City Public Sch. Bd. of Ed., 147 F.3d 1200, 1214 (10th Cir. 1998).

## Discussion

*Whether Police Records are Public Records*

Defendants contend that records Defendant Knott turned over to William Quickel are considered public records as a matter of law, based on the law of the case doctrine as stated in the District Court's opinion and recognized by the Tenth Circuit, which reversed and remanded the District Court's dismissal of the case. See Collopy v. City of Hobbs, et al., No. 01-2000, 2001 WL 1647314 (10th Cir. N.M.).

The law of the case doctrine prevents questions already considered and decided once in the case from being reargued at every subsequent stage of the case. Richardson et al v. Navistar Internat'l Transportation Corp. et al,231 F.3d 740, 743 (10th Cir. 2000) (citing Agostini v. Felton, 521 U.S. 203, 236 (1997)). While the District Court in this case held that the police

4

blotter records were public, it is not so clear that the Tenth Circuit affirmed this part of the District Court decision, and even less clear that Plaintiff has waived the issue. The Court of Appeals noted that Plaintiff had not "specifically appealed" the issue, but also noted that Plaintiff's counsel raised the issue during oral argument that the police blotter records were protected under state law.  More importantly, the Court of Appeals determined that the issue was not relevant, since the alleged retaliatory nature of Defendant Knott's conduct was actionable regardless of whether the police records were considered public records. Thus, the question of whether these records were public is far from "resolved" to where the application of the law of the case doctrine is appropriate. Id. (The law of the case is a doctrine "under which an appellate court will not reconsider a matter resolved on a prior appeal") (citation omitted).

   Defendants claim that Chief Knott would not have turned the records over if they were private, and because the records were not private, he did not retaliate. Defendant's Reply Brief at 5.  These statements make no sense, since they ultimately beg both questions they purport to answer: whether the records were public, and whether Defendant Knott acted with retaliatory intent (since disclosure of private documents could arguably achieve an even more pointed retaliatory effect).  Ironically, it is Defendants who ignore the one issue that is now the law of the case as a result of the Tenth Circuit opinion:  the nature of the police records has no impact on the retaliation analysis, since perfectly legal conduct can become illegal if done with retaliatory intent. Collopy, 2000 WL 1647314, *4 (citing DeLoach v Bevers, 922 F.2d 618, 620 (10th Cir. 1990)).

   Plaintiff has presented evidence which, viewed in his favor, creates factual disputes regarding whether these records are public. Court's Mem. Opin. and Order at 8 (Doc. 60) (noting exhibits which designate certain records as confidential); Pltff's Ex. 1, Knott Dep., 80:2-83:16;

5

Pltff's Ex. 1 to Pltff's Resp to Defts' Second Mot. for Sum.J., Francoer Dep., 57:1-2).  These factual disputes extend to the preliminary question of whether the information that Defendant Knott turned over to the DA's office should be characterized as police blotter records, which Defendants argue are public documents under NMSA 29-10-1 to 29-10-8 NMSA 1978,[2] or rather printouts of information from the Hobbs Police Department's computers which are not routinely available to the public.  These disputes of fact preclude summary judgment on this issue.

***Whether the Exception Legally Complied with Children's Court Rules.***

Defendants contend that William Quickel's Exception questioning Plaintiff's recommendation complied with the rules governing procedure in the Children's Court, Rule 10-111(E) NMRA.[3]  This is an issue this Court should not consider, since it is a thinly disguised

---

[2] The language accompanying this statute strongly indicates that there is a question regarding the conditions under which such records are actually available to the public: "Generally. -- The Arrest Record Information Act may be viewed as establishing statutory exceptions to the fundamental right to inspect. It does so, however, in a rather conflicting manner, and it appears that virtually all arrest record information is subject to at least a limited or conditional disclosure."  Notes, References and Annotations, § 29-10-1.  Further, Defendants' description of these records as available to the public is not altogether consistent with the language in § 29-10-6 ("Access by individuals").

[3] That rule reads in part:  Exceptions to report. Any party may file exceptions to the special master's proposed findings, conclusions, recommendations or proposed orders. Exceptions shall be in writing, filed with the clerk within five (5) days after service of the master's report and shall set forth:
   (1) those items to which exception is taken;
   (2) a short resume of all facts relevant to the issues presented for review with appropriate references to the pages of the record proper and pages or sequential time or counter numbers of the transcript. If reference is made to evidence the admissibility of which is in controversy, reference shall be to the place in the transcript of proceedings where the evidence was identified, offered and received or rejected;
   (3) a citation to any authority which may assist the children's court judge in reviewing the exceptions; and
   (4) a statement of the precise relief sought.

request to second-guess the findings of the state disciplinary board, which resulted in a formal reprimand to William Quickel and Thomas Rutledge. See In Re Rutledge & Quickel, Disciplinary Nos. 09-97-333 & 09-97-334, 38 N.M. SBB., No. 10 at 1, 3-4 (N.M. S.Ct. Disciplinary Bd. Mar. 11, 1999).  In that decision, the board characterized the Exception as "frivolous" and having "no sound basis in law."  It further found that in filing the Exception the prosecutor and district attorney had mischaracterized information in the police blotter which related to the Collopy family; had misquoted Collopy's remarks about a possible civil rights violation; had used an improper means in an effort to influence the outcome of a trial; had "caused an adverse impact upon Mr. Collopy and his family"; and constituted a violation of certain Rules of Professional Conduct that applied to the office of prosecutor.[4]

    I refrain from addressing these issues not only to avoid relitigating them, but also because this Court does not have jurisdiction to do so.  See e.g., In the Matter of the Disciplinary Proceedings of Robert Marion Gordon, Jr., 640 F.2d 1143, 1145 (10th Cir. 1981)  (federal court has no power to review a disciplinary decision rendered by a state court and may recognize and apply the disciplinary decision of a state court unless state procedure was wanting in due process, there was such an infirmity of proof as to render the decision unacceptable or some other grave reason existed warranting disregard of the determination under principles of right and justice); In re Franco T. Sanchez-Ferreri, 620 F.Supp.951, 952 (D.Puerto Rico, 1985) (accord); cmp. also Phelps v. Kansas Sup. Ct., 662 F.2d 649, 651  (10th Cir.1981) ("The lower federal courts do not

---

[4] Specifically, the board noted that the filing of the Exception was improperly generated from Chief Knott's dissatisfaction with the outcome of the Hodge case and concern about the Hodge's pending civil rights litigation, thereby violating a duty to take care to avoid any relationship with police which "might case doubt upon the independence and integrity of the office of the prosecutor."

have subject matter jurisdiction to review state disbarment proceedings."); Doe v. Pringle, 550 F.2d 596, 599 (10th Cir.1976) (concurring in district court's finding that it was without subject matter jurisdiction to review final order of state supreme court in denying a particular application for admission to the state bar, and noting that lack of jurisdiction applied even where the challenge is anchored to alleged deprivations of federal due process and equal protection rights). Accordingly, Defendants are not entitled to summary judgment on the issue of whether the Exception filed by William Quickel legally complied with Children's Court Rules.

    **WHEREFORE,**

    **IT IS ORDERED** that Defendants' Motion for Partial Summary Judgment (**Doc. 75**) is hereby DENIED, specifically (1) that summary judgment is DENIED on the issue of whether or not the police blotter records were public records and (2) that summary judgment is DENIED on the issue of whether the Exception filed by William Quickel legally complied with Children's Court Rules.

    _____
    UNITED STATES DISTRICT JUDGE