# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL J. COLLOPY,

    Plaintiff,

v.                                                   Civil No. 00-807 WJ/LFG-ACE

CITY OF HOBBS, a New Mexico
Municipal Corporation, and
TONY KNOTT, in his individual
and official capacities,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendants City of Hobbs and Tony Knott's Second Motion for Second Judgment, filed December 12, 2002 (**Doc. 79**). This is the last in several dispositive motions addressed by the Court in this case.[1] Having considered all the pleadings, memoranda and other materials submitted by the parties, as well as the applicable law, I find that Defendants' motion is not well-taken and shall be denied.

The complaint alleges that Defendants retaliated against Plaintiff Michael J. Collopy for a statement he made while acting as a Children's Court Special Master and in the exercise of his First Amendment right to speak about possible civil rights violations by the Hobbs Police

---

[1] Defendants filed an earlier summary judgment motion on Plaintiff's First Amendment claim in which they contend that Plaintiff failed to establish a substantive violation and also that they were qualifiedly immune from Plaintiff's claim of First Amendment retaliation. The Court denied the motion. (Doc. 60). The Court also denied Defendants' partial summary judgment motion on issues concerning the nature of the police records furnished by Defendant Knott to the Office of the District Attorney, and on the issue of whether the Exception filed by that office complied with the rules of Children's Court (**Doc. 106**).

Department. Plaintiff claims that Defendant Tony Knott, the Chief of Police for the City of Hobbs, encouraged prosecutors to appeal one of Plaintiff's rulings and that Knott provided them with allegedly misleading police records reflecting unfavorably on Collopy and his children in order to support the appeal and to assist in the prosecutors' defense of themselves during ensuing disciplinary proceedings.  Allegedly intimidated, Collopy resigned his position as special master.

## Background[2]

Plaintiff Collopy is an attorney who served as a part-time special master to the Lea County Children's Court in juvenile cases for 16 years.[3]  In June, 1997, he presided over an evidentiary hearing regarding the merits of juvenile delinquency charges filed against Michael Hodge, an African-American teenager charged with resisting arrest and eluding or obstructing an officer following a violent incident at a high school football game.  Hodge's mother and uncle were known to be outspoken community activists in Hobbs protesting the conduct of the Hobbs Police Department. Controversial police conduct during the incident attracted charges of civil rights violations, including an investigation by the Department of Justice.  Prior to the Children's Court adjudicatory hearing, Michael Hodge filed a tort claims notice alleging civil rights violations.

Collopy recommended dismissal of the charges against Hodge and also commented that Hodge's civil rights may have been violated.  After learning of Collopy's comment, Knott became concerned, angry and upset, and complained to the Office of the District Attorney ("DA") that the police officers involved in the Hodge case "did not get a fair shake" at the hearing.  Knott

---

[2]  The factual allegations are set forth in the Court's opinions addressing other summary judgment motions.  However, for ease of reference, they are repeated here.

[3]  The recitation of facts follows the allegations in the complaint.

2

allegedly urged and instigated the DA's office to find a way to obtain a new hearing or other judicial relief that would set aside the plaintiff's findings in the Hodge case.

The assistant district attorney who prosecuted Hodge's case initially did not intend to appeal Collopy's ruling. After Chief Knott's complaint, however, assistant district attorney William Quickel filed an Exception to the ruling together with "police blotter" records relating to one of Collopy's juvenile children provided to the prosecutors by Knott for use in supporting the Exception. Plaintiff viewed the action as an attack on his impartiality and an attempt to discredit him by misquoting, or taking out of context, his remarks about a possible civil rights violation.

District Judge Patrick J. Francoeur, the Children's Court Judge who reviewed the Exception filed by Quickel overruled it and affirmed Collopy's decision, then referred the matter to the New Mexico Supreme Court's Disciplinary Board for disciplinary proceedings against certain individuals in the DA's office for their conduct based on the Exception that had been filed in the Hodge case. Knott then furnished prosecutors with additional police blotter records relating to Collopy and his children after learning that Collopy was going to testify against the prosecutors at a disciplinary proceeding. The Disciplinary Board concluded that the Exception filed at Knott's request had no sound basis in law and was frivolous. William Quickel, the prosecutor who filed the Exception, and Tom Rutledge, the Fifth Judicial District Attorney, were formally reprimanded.

According to the allegations in the complaint, the vast majority of these records identify Collopy and his children as victims or witnesses of crimes. Nevertheless, Collopy alleges that Knott proceeded as though the information regarding his children was negative in order to support a charge that Collopy was biased against the Hobbs Police Department, and that this bias

3

led to Collopy's decision to acquit Hodge and to Collopy's statement regarding a possible violation of Hodge's civil rights. This instant motion seeks summary judgment on Plaintiff's claim for retaliation, on the basis that there is no causal link between Defendant Knott's actions and Plaintiff's alleged injuries.

## Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir. 1993)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. Roberts v. Progressive Independence, Inc., 183 F.3d 1215, 1219 (10th Cir.1999) (citation omitted).

In a First Amendment claim outside a public employment context, a plaintiff must show (1) that he "was engaged in constitutionally protected activity"; (2) that the defendant's actions caused the plaintiff "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) that the "defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir.2000), cert. denied, 533 U.S. 916 (2001).

In contending that there is no causal link between Defendant Knott's actions and Plaintiff's alleged injuries, it would appear that the present motion focuses on the second prong of the inquiry. Defendants contend that undisputed facts demonstrate that the records were actually sealed and that it was on Plaintiff's insistence that Judge Francouer send the materials to the Disciplinary Board that caused their publication. Therefore, they argue, Chief Knott was not responsible for causing Plaintiff's alleged humiliation, embarrassment, and distress and thus Plaintiff's claims must be dismissed as a matter of law.

Defendants are correct that it is undisputed that the police records were never attached to the Exception filed by William Quickel, but were instead submitted separately to Judge Francoeur who considered the Exception and sealed the file.[4] It is also undisputed that these records were only made public at Plaintiff's urging.

However, under Plaintiff's theory of the case, causation is not premised on the *publication* of the information contained in the police records which Knott furnished to the DA. Rather, it was Knott's decision to *use* this information (information which the state Disciplinary Board found had an adverse impact on Collopy and his family)[5] to urge the DA to file an Exception to Collopy's recommendation in the Hodge case. Plaintiff alleges that Knott's furnishing of these records as a basis for filing an Exception -- whether under seal or not at the time -- caused him to withdraw from further activity as Special Master. Thus, the facts which are presented as

---

[4] Recommendations of a special master are "contingent upon the approval of the children's court judge." N.M.S.A. § 10-111(C). Prior to such approval, a party may file exceptions to a special master's "proposed findings, conclusion, recommendations or proposed order." *Id.*, § 10-111(E).

[5] See In Re Rutledge & Quickel, Disciplinary Nos. 09-97-333 & 09-97-334, 38 N.M. SBB., No. 10 at 1, 3-4 (N.M. S.Ct. Disciplinary Bd. Mar. 11, 1999)).

"undisputed" by Defendants are not material since the fact of publication is not relevant to Plaintiff's allegations of retaliation in this case, because the alleged retaliation is based on Knott's supplying of these records to the DA, not their publication. Because the undisputed facts are not material, they do not provide a basis on which to grant summary judgment. Martin v. State of Kan. et al, 190 F.3d 1120, 1129 (10th Cir 1999) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.") (citation omitted).

Previous court findings in the case support Plaintiff's position. In Collopy v. City of Hobbs, et al., No. 01-2000, 2001 WL 1647314 (10th Cir. N.M.), the Tenth Circuit reversed the district court's order granting Defendants' motion to dismiss, concluding that a trier of fact could find that an attack on a reasonable person and his children, "such as that which Knott allegedly facilitated, would "chill" that person to the point of resignation." Id. at *4. The Court found circumstantial evidence that "Knott's encouragement of the filing of the exception and his disclosure of police blotter records were intended, at least in part," to retaliate against Collopy for his statement about possible civil rights violations by the Hobbs police." Id., at 5.[6] The Court further found that the complaint sufficiently alleged that Knott's action was the "primary force" behind the prosecutors' decision to file the exception as well as to use the police blotters in their own defense during the disciplinary proceedings. Id., at *15

This Court made similar determinations on a previous summary judgment motion filed by Defendants (Doc. 46):

Plaintiff has presented evidence sufficient to infer a finding that Knott's disclosure of the

---

[6] The District Court had not addressed this third element.

6

> police blotter records was intended, at least in part, to retaliate against Collopy for his statements about possible civil rights violations by the Hobbs police, which is a constitutionally protected activity.

(Doc. 60 at 10) and

> a trier of fact could reasonably find that supporting an official challenge to Collopy's impartiality with such information would be enough to persuade him to resign from his part-time position as an adjudicatory decisionmaker.

(Doc. 60 at 8). Thus, evidence which could infer that Defendant Knott furnished these police records to the DA's office with retaliatory motive would be sufficient to preclude the instant summary judgment.[7] As noted above, Plaintiff has presented such evidence. Accordingly, Defendants are not entitled to summary judgment on the issue of causation.

**THEREFORE**,

**IT IS ORDERED** that Defendants City of Hobbs and Tony Knott's Second Motion for Second Judgment (**Doc. 79**) is hereby DENIED.

```
_____
UNITED STATES DISTRICT JUDGE
```

---

[7] The complaint also alleges that when Knott learned that Collopy was planning to testify against the prosecutors at a hearing in the disciplinary proceedings, he furnished to them additional police blotter records relating to Collopy's children and to Collopy himself "[i]n a further effort to discredit" Collopy. Complaint at ¶¶ 32, 33.